44053

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIE FAYE DELANCEY** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **PULL-A-PART OF BATON ROUGE, LLC** | * | **JUDGE** |
| **AND ABC INSURANCE COMPANY** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |
| | * | |

## NOTICE OF REMOVAL

Defendant, Pull-A-Part of Baton Rouge, LLC ("Pull-A-Part"), through undersigned counsel, gives this notice and hereby removes this civil action, captioned "*Willie Faye Delancey vs. Pull-A-Part of Baton Rouge, LLC and ABC Insurance Company*," No. C-715743, Section 25, the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (the "State Court Action"), to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, Defendant represents:

## STATE PROCEEDING

1.

On February 8, 2022, Plaintiff, Willie Faye Delancey, commenced a civil action against Defendant, Pull-A-Part, in the 19th Judicial District Court for the Parish of East Baton Rouge, captioned "*Willie Faye Delancey vs. Pull-A-Part of Baton Rouge, LLC and ABC Insurance Company*," No. C-715743, Section 25, arising out of an alleged incident that occurred on or about February 10, 2021 when Plaintiff was allegedly struck by a golf cart being driven by a customer at Pull-A-Part, David Ellis. Defendant, Pull-A-Part, was served with the Petition for Damages on February 15, 2022.

## **REMOVAL IS TIMELY**

2.

As discussed in greater detail below, Pull-A-Part files this removal in accordance with 28 U.S.C. §§ 1332(a) given that Plaintiff is a citizen of the State of Louisiana and Pull-A-Part is a limited liability company with all members based in the State of Georgia.

3.

However, at the time that Pull-A-Part was served with the Petition for Damages, the only documents in Pull-A-Part's possession which could evidence the amount in controversy was a sole medical bill from Capitol Spine & Rehabilitation, Inc. ("Capitol Spine"), which totals $6,880 and shows that Plaintiff began treating for soft tissue injuries about two months after the alleged subject incident and treated through August 23, 2021. (See **Exhibit A**, the Capitol Spine billing records). Even if the Court were to disregard the two-month gap in treatment between the date of the alleged incident and when Plaintiff began treating at Capitol Spine and gave Plaintiff credit for six and a half months of conservative treatment, it is clear that the amount in controversy would not have exceeded $75,000, exclusive of costs and interest, so this matter was not removable at the time Pull-A-Part was served.

3.

However, on March 18, 2022, Plaintiff's counsel emailed a copy of Plaintiff's lumbar MRI report dated March 15, 2022, in which the interpreting radiologist, Rodney Burns, MD, noted several positive findings, including at L2-3 a disc bulge with subligamentous cranial migration, at L5-S1 a right paracentral 5.4 mm subligamentous disc herniation with caudal migration and thecal sac deformity with right S1 nerve root posterior displacement, along with foraminal narrowing at L2-3, L3-4, L4-5, and L5-S1. Plaintiff's counsel also advised in that correspondence that Plaintiff

has been referred to pain management for further treatment. (See **Exhibit B**, the MRI report, and **Exhibit C**, the email correspondence from Plaintiff's counsel).

5.

Given that this matter was not removable at the time of initial pleading or upon service of Pull-A-Part, the MRI report and pain management referral received by counsel for Pull-A-Part on March 18, 2022 qualify as "other paper from which it may be fist ascertained that the case is one which or has become removable" pursuant to 28 U.S.C. §§ 1446(b)(3).

6.

Accordingly, this removal is timely given that it is being filed within thirty days of March 18, 2022, the date of receipt by Pull-A-Part of the "other paper" from which it may first be ascertained that the case has become removable.

## DIVERSITY JURISDICTION

7.

This Court has original jurisdiction over this action under 28 U.S.C. §1332(a). Therefore, the case may be removed to this Court pursuant to 28 U.S.C. §1441(b).

8.

Plaintiff is a citizen and resident of Louisiana. (See **Exhibit D**, Plaintiff's Petition for Damages).

9.

Defendant, Pull-A-Part is a limited liability company and all of its members are citizens of Georgia. See generally *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) [The citizenship of other entities, such as LLCs and partnerships, is based upon the citizenship of each of its individual members or partners]. (See also **Exhibit E**, the Louisiana Secretary of State's

listing of Pull-A-Part). Thus, pursuant to 28 U.S.C. § 1332(c)(1), Pull-A-Part is a citizen of Georgia.

10.

Plaintiff also fictitiously named "ABC Insurance Company" in her Petition for Damages, which shall be disregarded for purposes of determining whether a matter is removable. See 28 U.S.C. § 1441b)(1) ["In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded"].

11.

In sum, Plaintiff is a citizen of Louisiana and Defendant is a citizen of Georgia. Accordingly, complete diversity exists in this matter.

**AMOUNT IN CONTROVERSY**

12.

The amount in controversy in this case exceeds the $75,000 threshold of 28 U.S.C. § 1332. As noted above, Plaintiff has treated for about six and a half months for soft tissue injuries following the alleged incident and she recently underwent a lumbar MRI, which shows a disc bulge and a disc herniation, among other positive findings (See **Exhibits A** and **B**). She has also been referred for pain management following her MRI (See **Exhibit C**).

13.

Louisiana courts have routinely held that a general damages award of at least $50,000 is reasonable for a single disc herniation[1].

---

[1] See *Alexander v. Gov't Employers Ins. Co.*, 20-622 (La.App. 3 Cir. 06/02/21), Unpublished [Award of **$50,000** in general damages for a herniated disc at L5-S1 treated through conservative treatment only]; *Chube v. Shelter Mut. Ins. Co.*, 662,616 (19th JDC 02/02/21) [Award of **$51,000** in general damages for a lumbar herniated disc treated through conservative treatment]; *Hammons v. Henry St. Paul*, 2012-0346 (La.App. 4 Cir. 09/26/12), 101 So.3d 1006 [**$65,000**

14.

Louisiana courts have routinely held that a general damages award of at least $30,000 is reasonable for a single disc bulge[2].

15.

Plaintiff's known special damages are likely at least $10,000 between the Capitol Spine medical bill of $6,880 and Plaintiff's MRI bill (Pull-A-Part is not in possession of the billing record for the MRI at this time, but has propounded discovery on Plaintiff to obtain same, along with any other medical records and bills which Pull-A-Part may not be aware of at this time).

16.

Accordingly, considering the combined typical general damage awards disc herniations and disc bulges, and Plaintiff's current medical specials, the amount in controversy in this case exceeds the required $75,000 threshold.

**REMOVAL IS PROPER**

17.

There is complete diversity between Plaintiff and Pull-A-Part, and there is more than $75,000 in controversy. Accordingly, this action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)-(c) and removal is proper pursuant to 28 U.S.C. § 1441.

---

in general damages for a herniated disc at C6-7 treated trough conservative treatment with recommendation for continuing care and medication]; and *Keller v. Jerry Rispone Trucking, Inc.*, 2015-2465 (21st JDC 02/05/19) [**$50,000** in general damages for a cervical herniation treated through conservative treatment and potential for future pain management treatment].

[2] See *Herring v. Progressive Security Ins. Co.*, 666,969 (19th JDC 05/14/19) [Award of **$37,042** in general damages for a cervical injury with no disc pathology identified in MRI and a lumbar injury with evidence of a disc bulge at L5-S1, both treated through physical therapy, medication, and facet injection]; and *Wilkerson v. Goodson*, 626,793 (19th JDC 05/25/16) [Award of **$30,000** in general damages for cervical and lumbar injuries with disc bulges noted on the MRIs treated through chiropractic treatment with recommendation for branch blocks that had not been performed at the time of trial].

## NOTICE TO STATE COURT AND OPPOSING PARTY

18.

Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing Notice of Removal with 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and serve a copy thereof on Plaintiff through his counsel.

## CONSENT OF ALL DEFENDANTS TO REMOVAL

19.

Pull-A-Part is filing, and therefore consents, to this removal. "ABC Insurance Company," is a fictious entity and shall not be considered as part of this removal pursuant to 28 U.S.C. § 1441b)(1). Therefore, this Notice of Removal is filed in conformance with the requirements of 28 U.S.C. § 1446 in removing this action from 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

## CONCLUSION

Defendant, Pull-A-Part of Baton Rouge, LLC, respectfully requests that this Court exercises its jurisdiction over this action and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**WHEREFORE**, Defendant, Pull-A-Part of Baton Rouge, LLC, prays that the legal action captioned, *Willie Faye Delancey vs. Pull-A-Part of Baton Rouge, LLC and ABC Insurance Company*," No. C-715743, Section 25, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

_R. Todd Musgrave_
R. Todd Musgrave, Bar No. 22840
Amanda H. Aucoin, Bar No. 31197
Samuel Furman, Bar No. 37126
Musgrave, McLachlan, & Penn, L.L.C.
1555 Poydras St., Suite 2100
New Orleans, LA 70112
Telephone: (504) 799-4300
Facsimile: (504) 799-4301
*Attorneys for Pull-A-Part of Baton Rouge, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _23_ day of March, 2022, I electronically filed the

foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Michael R. D. Adams, Esq., Bar No. 18756
Monica G. Moton, Esq., Bar No. 27222
DeCuir, Clark & Adams, LLP
732 North Boulevard
Baton Rouge, LA 70802
**Email:** michael@decuirlaw.com
mmoton@decuirlaw.com

_R. Todd Musgrave_
R. Todd Musgrave